## JENNIE SAMSA v. HANNA ORE MINING COMPANY.[1]

July 15, 1927.

No. 26,029.

**Finding of commission sustained that death of driver of electric motor did not arise out of his employment.**

In this, a workmen's compensation case, the issue was whether the accident resulting in the death of the decedent arose out of and in the course of his employment. The burden of proof was upon the plaintiff. The decedent was killed by a blast of powder in an underground mine. The defendant asserted suicide. There is a presumption of fact against suicide which is strong but not conclusive. The evidence sustains the finding of the industrial commission that the death of the decedent did not arise out of and in the course of his employment.

Evidence, 22 C. J. p. 95 n. 79; p. 96 n. 81.
Workmen's Compensation Acts—C. J. p. 72 n. 69; p. 115 n. 25, 27, 37.

See note in 5 A. L. R. 1680; 36 A. L. R. 397.

Certiorari to review an order of the industrial commission denying compensation to the widow of Joseph Samsa. Affirmed.

*Alger R. Syme,* for relator.

*Washburn, Bailey & Mitchell,* for respondent.

[1]Reported in 214 N. W. 775.

DIBELL, J.

Certiorari to review the order of the industrial commission denying compensation to the widow of Joseph Samsa. The question is whether the evidence sustains the finding of the commission that his death was not the result of an accident arising out of and in the course of his employment.

Samsa was a motorman driving an electric motor hauling ore cars in the underground mine of the defendant. On March 15, 1926, he was killed by a powder blast. His body was found on the track some 40 or 50 feet from his motor.. It was a few feet distant from the ladder leading to the drift above. It lay across the tracks, not quite at right angles to it, one arm extended and one lying alongside the body. The abdomen and chest were substantially destroyed and there were some other injuries. Blood and pieces of flesh were scattered around and at the roof of the drift.

Samsa's duties did not require him to use or carry dynamite. There was no occasion for its use at the point where he was killed. No one was blasting near the point where his body was found. From the drift in which were the tracks on which he was hauling ore a ladder extended to the level above. There is evidence coming from men working in the upper drift that a light appeared at the top of the ladder, near which dynamite was stored, and disappeared just a few moments before the explosion. Samsa wore the usual cap with a light upon it.

The theory of the defendant is that Samsa obtained dynamite from this place, returned to his level, and committed suicide. The theory of the plaintiff is that his death came through accident. There was no eyewitness. The evidence is meager. The testimony is that the decedent's family relations were pleasant. There is testimony that when he came to work in the morning he did not look his usual self, was pale, and that he did not answer when his fellow workmen spoke to him.

The presumption against suicide is one of fact, and it is strong though not conclusive. As between accident and suicide, nothing else appearing, the presumption of fact favors and may require a

finding of accident. To entitle the plaintiff to compensation the accident causing his death must have arisen out of and in the course of his employment and the burden of proof was on the plaintiff. The trier of fact might find it difficult to understand how an accidental explosion occurring in the course of his employment killed Samsa. A case somewhat similar is State ex rel. Oliver I. Min. Co. v. District Court, 138 Minn. 138, 164 N. W. 582. It involved a death in a mine by a powder blast. The physical effects were about as here, and the theories of accident and suicide competed. The trial court there found that the death was caused by accident in the course of the employment and its holding was sustained. In Hawkins v. Kronick C. & L. Co. 157 Minn. 33, 195 N. W. 766, a finding by the industrial commission that death was the result of suicide was sustained. In both the authorities are cited and discussed. A reasonable mind might conclude that Samsa's death was not the result of accident. This is not saying that a contrary finding would or would not be sustained. The cases are collected in a note in 5 A. L. R. 1680, 1681.

The finding of the commission is sustained.

Order affirmed.